IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JEFFREY JEMEL MITCHELL,

    Plaintiff,

v.                                                                                                        Civil Action No. **3:21CV339**

**CHARLES B. ANDREWS,**

    Defendant.

## MEMORANDUM OPINION

Jeffrey Jemel Mitchell, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] Defendant Andrews has filed a Motion to Dismiss and provided Mitchell with appropriate *Roseboro* notice.[2] (ECF No. 17.) Mitchell filed a response. (ECF No. 20.) Additionally, Mitchell filed a Motion to Amend. (ECF No. 24.) For the reasons set forth below, the Motion to Dismiss (ECF No. 17) will be GRANTED and the Motion to Amend (ECF No. 24) will be DENIED.[3]

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] *Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 309).

[3] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the punctuation, capitalization, and spelling in the quotations from Mitchell's submissions.

## I. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the

elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Mitchell's Allegations

In his Complaint, Mitchell complains about the circumstances that led to his arrest, conviction, and eventual incarceration. Specifically, Mitchell states:

> Officer Andrews did on June 14, 2019, at 1300 hours deprive me of equal protection under the law when he made it known to a person that they would not be charged with any crime after they willingly confessed to assaulting me. Officer Andrews deemed me to be the predominant physical aggressor and assured my attacker that they would not be criminally charged by him. In time, they were never criminally charged by his department at all. His actions led to my being arrested and wrongfully prosecuted. I was wrongfully arrested due to Officer Andews['s] deprivation of my 14th Amendment.[4] The law states there is no legal justification or excuse for a private person to deliberately assault another as a result of anger or to inflict vengeance.
> Officer Andrews did on June 14, 2019, at approximately 1400 hours or 1500 hours deny me my right to compulsory process. My 6th Amendment[5] right as well

---

[4] No State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

[5] That Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.

3

as my 14th Amendment of due process and equal protection under the law. Officer Andrews was in charge of [a] crime scene investigation of the alleged assault of which I was wrongfully arrested and prosecuted. During Officer Andrews['s] crime scene investigation, Officer Andrews determined that red stain and spots in a closet were related to the accusations of assault against me. Officer Andrews did not perform any D.N.A. analysis nor any other test to determine if what he saw was blood from the alleged victim, from me, or blood at all. However, he took pictures of this area and those stains and they were used against me in prosecution, partially leading to my conviction as they corroborated the allegations against me. Officer Andrew['s] failure to specifically identify the substance and stains, denied my right to compulsory process for obtaining witnesses in my favor. If forensic analysis would have been performed the forensic specialist could have been called upon for questioning, negating the chance for speculation and conjecture. Officer Andrews was made aware of items, like pill bottles, that I was to have allegedly touched as well during the time of the allegations against me. Officer Andrews did not perform any fingerprinting of these bottles, which would have either proved or disproved a portion of the allegations against me, negating the need for speculation or conjecture. Officer Andrew['s] actions led in part to my wrongful conviction, as, if he had performed these neglected task[s], I would have been exonerated. He did nothing to protect me equally under the law violating my 14th Amendment. Officer Andrews['s] actions caused me to owe court costs and hospital fees in the amount total of nearly $18,000 dollars as well as loss of life and liberty, wrongfully, where if Officer Andrews would have upheld my constitutional rights this would not be such (my incarceration, my fees, and mental anguish). Officer Andrews['s] actions have caused me great stress where I suffer daily with depression and possible Post-Traumatic Stress Disorder. I have nightmares and difficulty coping with both life and reality as it is now, knowing that Officer Andrews['s] neglect and deprivation caused me this harm.

  Relevant to issue #1. It should be known that during this time that Officer Andrews chose not to pursue any charges against Ms. Washington, nor gather any evidence as it was made known to him and of his own discovery. I was on trial for assault against one of his fellow officers, making Officer Andrews['s] actions and lack action suspect and worthy of the proper scrutiny. The law is the law, and as a sworn officer it is his duty to uphold the law for all, even people he may not like or have a gripe with. Officer Andrews intentionally failed me in this regard subjecting me to cruel and unusual punishment, violating my 8th Amendment.[6] His action led to [my] wrongful arrest, conviction, and ultimately incarceration.

(ECF No. 1, at 4–5 (paragraph numbers omitted).) Mitchell demands monetary damages and injunctive relief. (*Id.* at 6.)

---

[6] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

4

### III. Analysis

Although not explicitly stated, Mitchell obviously seeks to impugn and invalidate his criminal conviction. This notion, that Mitchell can vacate or alter his criminal conviction and obtain monetary damages and injunctive relief stemming from his purportedly improper incarceration, through a civil lawsuit "is legally frivolous under *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases." *Payne v. Virginia*, No. 3:07CV337, 2008 WL 1766665, at *2 (E.D. Va. Apr. 17, 2008).[7] In *Heck*, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486–87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

In *Edwards v. Balisok*, the Supreme Court extended *Heck* to civil rights actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful

---

[7] To the extent that Mitchell asserts that Defendant Andrews violated Mitchell's rights by failing to investigate and prosecute Ms. Washington, he has failed to state a claim. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (quoting *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973)); *see Smith v. McCarthy*, 349 F. App'x 851, 859 (4th Cir. 2009) (no right to investigation or prosecution of another).

confinement. *See* 520 U.S. 641, 646 (1997). The Supreme Court has explained that *Heck* and its progeny teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

Although not fully developed, Mitchell's general theory of recovery in this § 1983 action is that Defendant Andrews violated his constitutional rights during the course of Mitchell's criminal investigation and prosecution. Mitchell asserts that Defendant's unconstitutional actions resulted in his "wrongful arrest, conviction, and ultimately incarceration." (ECF No. 1, at 5.) Mitchell contends that, *inter alia*, Defendant Andrews violated his rights by intentionally failing to preserve exculpatory evidence and by engaging in selective prosecution. Mitchell fails to articulate, and the Court fails to discern, how he could prevail on such claims and not simultaneously invalidate the fact of his conviction. *See Edwards*, 520 U.S. at 648; *Heck*, 512 U.S., at 479, 490 (alteration in original) (finding claim that prosecutors and an investigator had "'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [petitioner's] innocence'" cannot be maintained under § 1983); *Omegbu v. Milwaukee Cnty.*, 326 F. App'x 940, 942–43 (7th Cir. 2009) (concluding selective prosecution was barred by *Heck*); *Adkins v. Hendrick*, No. 4:12–1295–CMC–KDW, 2012 WL 2178701, at *3 (D.S.C. May 29, 2012) (concluding claim that defendants failed to preserve exculpatory evidence was barred by *Heck*), *report and recommendation adopted*, No. 4:12–1295–CMC–KDW, 2012 WL 2178698 (D.S.C. June 13, 2012); *cf. Brooks v. City of Winston-Salem*, 85 F.3d 178, 183–84 (4th Cir. 1996) (noting that to state a plausible § 1983 claim of malicious prosecution for unreasonable seizure of the person in violation of the Fourth Amendment, the defendant must have "seized [plaintiff]

pursuant to legal process that was not supported by probable cause and . . . the criminal proceedings [must have] terminated in [plaintiff's] favor").

Because success on his claims necessarily implies that his convictions are invalid, under the second prong of the *Heck* analysis, Mitchell must demonstrate a successful challenge to his convictions. *Heck*, 512 U.S. at 487. Mitchell makes no such allegation. *See id.* at 486–87. Thus, *Heck* bars Mitchell's claims against Defendant Andrews. Accordingly, Mitchell's claims will be DISMISSED WITHOUT PREJUDICE for failure to state a claim and as legally frivolous.

Mitchell has filed a Motion to Amend wherein he seeks to expand on his claim that Defendant Andrews violated Mitchell's right to due process. (ECF No. 24.) Leave to amend is appropriately denied where the amendment would be futile. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). Because it would be futile to permit Mitchell to expand on this claim, the Motion to Amend (ECF No. 24) will be DENIED.

### IV. Conclusion

The Motion to Dismiss (ECF No. 17) will be GRANTED. The Motion to Amend (ECF No. 24) will be DENIED. Mitchell's claims will be DISMISSED WITHOUT PREJUDICE for failure to state a claim and as legally frivolous. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: 8/26/2022
Richmond, Virginia